UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN RAFAEL SOUSA,<br><br>              Petitioner,<br><br>         v.<br><br>JAMES A. YATES,<br><br>              Respondent. | ED CV 07-1656 SVW (CW)<br><br>ORDER ADOPTING FINDINGS,<br>CONCLUSIONS AND<br>RECOMMENDATIONS OF UNITED<br>STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has reviewed the entire record in this action, as well as the Report and Recommendation of the United States Magistrate Judge and all objections thereto. The Court has made a de novo determination with respect to those portions of the Report and Recommendation to which objection has been made.

The Magistrate's Report and Recommendation thoroughly explains the reasons why Petitioner's claims are not subject to equitable tolling and are therefore not timely under the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). Having thoroughly reviewed the record de novo, the Court agrees with the Magistrate's conclusions and adopts with the Magistrate's Report.

The Court notes that the United States Courts of Appeals have uniformly rejected equitable tolling arguments premised on a petitioner's lack of transcripts. See Lloyd v. Vannatta, 296 F.3d 630, 633 (7th Cir. 2002) (citing Donovan v. Maine, 276 F.3d 87, 93 (1st Cir. 2002); Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001); Osborne v. Boone, 176 F.3d 489 (10th Cir. 1999)), cert. denied, 537 U.S. 1121 (2003); but see Solomon v. United States, 467 F.3d 928 (6th Cir. 2006) (petitioner entitled to equitable tolling in part because petitioner was unable to obtain his transcripts; notably, prior to statutory deadline, petitioner filed notice of intent with District Court explaining inability to file petition within statutory period). The Ninth Circuit, in an unpublished opinion, has followed the majority approach and refused to permit equitable tolling based on a petitioner's lack of access to transcripts. See Randolph v. Taylor, 69 Fed. Appx. 824 (9th Cir. 2003).

The Court also notes that, subsequent to the time that the Magistrate Judge filed the Report and Recommendation, the Ninth Circuit case Waldron-Ramsey v. Pacholke has been published at 556 F.3d 1008, and the Supreme Court has denied certiorari in the case. See 130 S. Ct. 244.

Finally, the Court notes that the Ninth Circuit has recently decided Ford v. Pliler, __ F.3d __, No. 06-56092 (9th Cir. Dec. 30, 2009), which applies Waldron-Ramsey in a situation where the petitioner claimed that he was unable to file a timely petition due to his attorney's failure to provide him with relevant legal files. The Ninth Circuit rejected this claim as a basis for equitable tolling, because:

2

> regardless of when Ford's attorney provided him his complete legal files, his alleged inability to access them cannot be "the cause of his untimeliness" since he did not need the legal materials they contained to file a timely habeas petition.

Id., slip. op. at 16826.

Accordingly, it is ORDERED: (1) that the Report and Recommendation of the United States Magistrate Judge be accepted; (2) that respondent's motion to dismiss (docket no. 18, filed March 10, 2008) be granted; and (3) that judgment be entered dismissing the petition, with prejudice, as time-barred. It is FURTHER ORDERED that this Order and the Judgment herein be served on the parties.

IT IS SO ORDERED.

DATED: January 25, 2010

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE